UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR-SIERRA INC., | No. 2:22-CV-00414-JAM-JDP |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE** |
| AEBI SCHMIDT INTERNATIONAL, AG, | |
| Defendant. | |

This matter comes before the Court on Aebi Schmidt International AG's ("Defendant") motion to dismiss this action under Federal Rule of Civil Procedure ("FRCP") 12(b)(5). See Def.'s Mot. to Dismiss ("Mot."), ECF No. 11. Contour-Sierra, Inc. ("Plaintiff") opposed the motion and Defendant replied. See Opp'n, ECF No. 19; Reply, ECF No. 20. For the reasons set forth below, the Court treats Defendant's motion to dismiss as a motion to quash, which the Court grants.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 15, 2022.

1                          I.    FACTUAL ALLEGATIONS

2        Plaintiff commenced this action alleging Defendant breached

3    the parties' exclusive dealership agreement.  See Compl. ¶¶ 52-

4    84, ECF No. 1.  Since Defendant is a Swiss subject, Plaintiff

5    filed its complaint in this Court under 28 U.S.C. § 1332(a)(2).

6    Id. ¶¶ 1, 7.  Plaintiff's complaint states a copy of the

7    exclusive dealership agreement and notice terminating the

8    agreement was annexed to and incorporated into the complaint as

9    Exhibits A and B, respectively.  Id. ¶¶ 13, 47.  Both exhibits,

10   however, are absent from Plaintiff's filed complaint.  See

11   generally Compl.

12       After it filed its complaint, Plaintiff served Defendant

13   according to the Convention on the Service Abroad of Judicial and

14   Extrajudicial Documents in Civil or Commercial Matters, Nov. 15,

15   1965 ("the Hague Convention"), [1969] 20 U.S.T. 361, T.I.A.S. No.

16   6638.  See Mot. at 1-2, 4.  The Hague Convention is an

17   international treaty that regulates how service is executed

18   between citizens of its' signatories—such as the United States

19   and Switzerland.  See 20 U.S.T. 361.  As a result, the Hauge

20   Convention governed Plaintiff's service of Defendant.

21       Defendant now moves to dismiss Plaintiff's action under FRCP

22   12(b)(5) for insufficient service of process.  See Mot. at 1, 2.

23   Defendant's motion argues dismissal is warranted because

24   Plaintiff: (1) violated FRCP 10(c) by not attaching the

25   incorporated exhibits to its complaint; and (2) did not comply

26   with the Hague Convention's requirement that Plaintiff translate

27   the unattached exhibits into the appropriate Swiss language of

28   German, French, or Italian.  Id. at 3-5; see also

                                      2

1  Declaration/Reservation/Notification, HCCH, https://www.hcch.net/

2  en/notification s/?csid=424&disp=resdn.  Defendant argues

3  Plaintiff's errors "prejudiced Defendant by depriving it of the

4  service to which it is legally entitled" and "needed to fully

5  investigate and analyze Plaintiff's asserted facts and legal

6  claims."  Mot. at 5.  Plaintiff argues Defendant was properly

7  served even though it admits it failed to attach the incorporated

8  exhibits to the complaint.  See Opp'n at 3-4.

9                          II.  OPINION

10       A.   Legal Standard

11       A 12(b)(5) motion challenges the mode or method of service

12  of the summons and complaint.  See Ringgold v. Burgett, Inc.,

13  No. 22-2CV-00836-DAD-CKD-PS, 2022 WL 8044117, at *1 (E.D. Cal.

14  Oct. 17, 2022), report and recommendation adopted, No. 2:22-CV-

15  00836-DAD-CKD-PS, 2022 WL 16820859 (E.D. Cal. Nov. 8, 2022).

16  Federal courts only acquire jurisdiction over a defendant after

17  the defendant is properly served under FRCP 4.  See Omni Capital

18  Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  When

19  a defendant challenges service, the plaintiff bears the burden of

20  demonstrating its sufficiency under FRCP 4.  See Brockmeyer v.

21  May, 383 F.3d 798, 801 (9th Cir. 2004).  If the service of

22  process is found insufficient, "[t]he choice between dismissal

23  and quashing service of process is in the district court's

24  discretion."  See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d

25  1288, 1293 (9th Cir. 2006).

26       B.   Analysis

27       Under FRCP 10(c) "[e]xhibits attached to the complaint are

28  part of the complaint for all purposes." See Fed. R. Civ. P

                              3

10(c); <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688 (9th Cir. 2001).

Here, because Plaintiff failed to attach the exclusive dealership

agreement and notice terminating the agreement, Plaintiff clearly

did not serve Defendant with its entire complaint—"which includes

all exhibits and attachments." <u>Ringgold</u>, 2022 WL 8044117 at *2.

In turn, Plaintiff did not comply with Rule 4, "which requires

service of a summons together with a complete copy of the

operative complaint . . . ." <u>Id.</u>  Moreover, in its defense,

Plaintiff only cites inapposite cases outside this Court's

jurisdiction that fail to demonstrate Rule 4's satisfaction.  <u>See</u>

Opp'n at 1-5.  The Court thus concurs with Defendant that

Plaintiff's service was inadequate.

The Court, however, does not find Plaintiff failed to comply

with the Hague Convention.  For Defendant's argument under the

Hague Convention to apply, Plaintiff would have had to:

(1) attach the incorporated exhibits to its complaint; and

(2) failed to translate them to the appropriate Swiss language.

Neither of these actions occurred.  Furthermore, the Hague

Convention does not define what a complete complaint is or

specify what documents a defendant must be served.  <u>See</u> <u>generally</u>

20 U.S.T. 361.  In other words, the Hague Convention itself does

not require Plaintiff to serve Defendant with the incorporated

exhibits.  The Court thus finds Defendant's argument under the

Hague Convention misplaced.

Nonetheless, given Plaintiff's shortcomings under FRCP

10(c), Defendant's 12(b)(5) motion must be granted.  In like

situations, however, "[c]ourts have regularly held[] that instead

of dismissing the entire action for insufficient service, service

4

should simply be quashed, allowing the plaintiff to serve

properly." Teknekron Mgmt., Inc. v. Quante Fernmeldetechnik

GmbH, 115 F.R.D. 175, 177 (D. Nev. 1987). Accordingly, this

Court will treat Defendant's motion to dismiss as a motion to

quash and find Plaintiff's service of its complaint to be

insufficient.

                            III. ORDER

     For the reasons set forth above, the Court GRANTS

Defendant's Motion to Quash Service.

     IT IS SO ORDERED.

Dated: December 13, 2022

                                _____
                                JOHN A. MENDEZ
                                SENIOR UNITED STATES DISTRICT JUDGE