**ROBARDS & STEARNS, PC**
Andrew Stearns (SBN 164849)
718 University Avenue, Suite 216
Los Gatos, California 95032
Telephone: 408-214-6432
Email: astearns@robardsstearns.com
*Attorneys for Plaintiff,* CONTOUR-SIERRA INC.,
aka CONTOUR-SIERRA AEBI TERRATRAC, LLC

WILKE FLEURY LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
JASON G. ELDRED (SBN 327148)
jeldred@wilkefleury.com
621 Capitol Mall, Suite 900
Sacramento, California 95814
Telephone:     (916) 441-2430
Facsimile:     (916) 442-6664
*Attorneys for Defendant,* AEBI SCHMIDT INTERNATIONAL, AG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CONTOUR-SIERRA INC., <br><br> Plaintiff, <br><br> v. <br><br> AEBI SCHMIDT INTERNATIONAL, AG, <br><br> Defendant. | Case No. 2:22-cv-00414-JAM-JDP <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## PROTECTIVE ORDER

In order to facilitate discovery and the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, CONTOUR-SIERRA INC. and AEBI SCHMIDT INTERNATIONAL, AG (individually, a "Party" or collectively, the "Parties") to this Action (defined below), by the signatures of their respective counsel to this document, STIPULATE and AGREE as follows:

1. Definitions. As used in this Order:

   a. "Action" refers to the above-captioned litigation.

   b. "Confidential Material" means any Documents, Testimony, or Information (as defined below) designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order by a Producing Party (defined below) who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law. Confidential Material includes confidential, proprietary, or private Documents, Testimony, or Information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted, namely, certain Documents, Testimony, or Information with respect to the business and financial Information of each of the Parties, including, among other things, business plans, customer lists, marketing data, and financial Information.

   c. "Discovery Material" includes all Information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure (each a "Rule," and, collectively, the "Rules") 30 through 36, and 45. Discovery Material includes Information within Documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of Documents disclosed as required under Rule 26(a).

   d. A "Producing Party" means a Party to this Action which produces Discovery Material in this Action, or a nonparty providing discovery in this Action.

   e. A "Receiving Party" is a Party to this litigation that receives Discovery Material from a Producing Party.

   f. "Documents" shall have the same meaning as the term "writing," as defined in Federal Rule of Evidence 1001, and shall also include "original" and "duplicate" writings as those terms are defined in Federal Rules of Evidence 1001(d) and (e), as well as any copies, reproductions, or summaries of all or any part of the foregoing.

   g. "Testimony" means all depositions, declarations, or other testimony taken or used in this Action.

1         h.      "Information" means the content of Documents or Testimony.

2     2.    All Confidential Material received from a Producing Party shall be used only by the following persons, except as otherwise directed by a Court of competent jurisdiction ("Qualified Recipients"): a. The Parties; b. The Parties' counsel of record, including employees of their law firms; c. Any independent outside experts, specialists, or consultants retained by any of the Parties or their counsel; d. The authors, senders, addressees, and designated copy recipients of the Producing Party's Confidential Material; e. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for such witness; f. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing Testimony for this Action; g. Any mediator or arbitrator retained by the Parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants; h. The Parties' insurers for this Action; i. Court reporters for Testimony taken in this Action, including persons operating video recording equipment and persons preparing transcripts of Testimony; j. Any auditor or regulator of a Party entitled to review the Confidential Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; k. Any other person as to whom the Parties may later agree in writing will be bound by the terms of this Protective Order (provided such person signs an Acknowledgement and Agreement to be Bound, the form of which is attached to this Protective Order as <u>Exhibit A</u> (the "Agreement")), which shall be retained by the procuring counsel); and l. The Court and Court personnel, including, but not limited to, stenographic reporters.

3.    Dissemination by the Receiving Party. Before receiving Confidential Material, each Qualified Recipient with the exception of b and l above, shall (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Exhibit A.

4.    Challenges to Confidentiality. A Party challenging a "CONFIDENTIAL" designation made pursuant to the provisions of this Stipulation and Protective Order (the "Designation") must obtain a court order before disseminating the Confidential Material to anyone other than Qualified Recipients. A Receiving Party that challenges the Producing Party's

Designation shall, as an initial step, contact the Producing Party and confer in good faith in an attempt to resolve the dispute. If the Parties are unable to resolve the dispute without Court intervention, the Party challenging the Designation in question shall apply to the Court for a determination as to whether the Designation is appropriate. In any such dispute, the Producing Party for the challenged Confidential Material bears the burden of proving the Designation is proper.

5. Use at Court Hearings and Trial. Subject to the Federal Rules of Evidence and applicable redaction or sealing protocols, Confidential Material may be offered and received into evidence at trial or at any hearing or oral argument. A Party agreeing to the entry of this Protective Order does not thereby waive the right to make any evidentiary objection to the admissibility of the Confidential Material in any proceeding, including trial. Any Party may move the Court for an order that Confidential Material be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

6. All Confidential Material shall be used only for purposes of this Action, including any appeals; provided, however, that a Party may use its own Confidential Material for any purposes whatsoever. Counsel for the Parties will ensure that the attorneys or individuals associated with them in the preparation for trial of this Action have read and are familiar with the terms of this Protective Order.

7. Pursuant to Section 2 hereof, counsel for a Receiving Party may disclose Confidential Material to, *inter alia*, specialists, experts, consultants, or other persons or entities as defined in Section 2 hereof, contacted, utilized, actually retained, or employed to advise or assist counsel in the preparation of the trial and discovery of this Action only under the conditions set forth in this Protective Order. Any specialist, expert, or consultant may be provided with such Confidential Material, provided that any such Confidential Material is destroyed, and certified to each Producing Party of the Confidential Material as having been destroyed, immediately at the termination of the consulting relationship, and in no event more than 60 days after entry of a final judgment in this Action pursuant to Section 14 hereof, whichever is earliest.

8. The Confidential Material that is produced to a Receiving Party may be disclosed

to, *inter alia*, the Receiving Party's specialists, experts, consultants, or other person or entity set forth in Section 2 hereof, only to the extent and for the purposes provided in this Protective Order. Prior to the disclosure of any such Confidential Material, the Receiving Party's counsel must serve on any person or entity a copy of this Protective Order. Additionally, counsel must have each such specialist, expert, or consultant sign the Agreement. All such Agreements executed under this provision of this Protective Order must be retained by the procuring Party's counsel.

9. Any Documents, Testimony, or Information to be designated as "CONFIDENTIAL" must be clearly so designated before the Document, Testimony, or Information is disclosed or produced. The Parties may agree that the case name and number are to be part of the Designation. The Designation should not obscure or interfere with the legibility of the designated Confidential Material.

   a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designating party or Party must affix the Designation on each page of any Document containing such designated Confidential Material.

   b. For Testimony given in depositions, the designating party or Party may either:

      i. Identify on the record, before the close of the deposition, all "CONFIDENTIAL" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL"; or

      ii. Designate the entirety of the Testimony as the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Material may be separately bound by the court reporter, who must affix to the top of each page the Designation as instructed by the designating party or Party.

   c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs, DVDs, or removable drives, the

Producing Party must affix the Designation in a prominent place on the exterior of the container or containers in which the Information or item is stored. If only portions of the Information or item warrant protection, the Producing Party, to the extent practicable, shall identify the portions constituting Confidential Material.

10. Unless counsel for the Parties agree, or unless an order of this Court otherwise directs, all Confidential Material and any and all pages of any briefs, affidavits, transcripts or tapes, exhibits, and any other papers containing quotes or summaries of material that has been designated as CONFIDENTIAL pursuant to this Protective Order and that are presented to the Court shall be sealed or redacted, marked with the legend "Confidential-Not to be Opened Except by Court Authority or by Agreement of All Counsel" (if required under applicable redaction or sealing protocols), and filed with the Clerk of the Court. Nothing herein shall limit a Party's ability to use Confidential Material as an exhibit to a motion or as evidence at an evidentiary hearing or trial, provided the Party complies with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal or to redact and any other applicable Court rules or orders for filing such Confidential Material.

11. Additional Parties to Litigation. In the event additional parties are joined in this Action, they shall not have access to Confidential Material until the newly joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its Agreement.

12. Inadvertent Disclosure of Confidential Material. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not generally be deemed a waiver, in whole or in part, of any Producing Party's claims of confidentiality. If at any time prior to trial, a Producing Party realizes that some portion(s) of the Discovery Material that the Producing Party produced should be designated hereunder, the Party may so designate by apprising all Receiving Parties in writing, whereupon such Discovery Material shall thereafter be treated as Confidential Material under this Protective Order. In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Protective Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the

disclosure contains Confidential Material subject to this Protective Order; immediately make reasonable efforts to recover the disclosed Confidential Material as well as to preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof.

13. If a Producing Party inadvertently produces material with respect to which it wishes to assert the attorney-client privilege, attorney work product protection, or any other privilege or protection (or a Producing Party or Receiving Party discovers that a third party possessing such material of the Producing Party has made a disclosure of such material), any such production (hereinafter referred to as an "Improvident Production") will not result in a waiver of the asserted privilege or protection of the Producing Party, provided that, upon learning that a production was an Improvident Production, the Producing Party (or party making the discovery, as the case may be) reasonably notifies all Receiving Parties of the Improvident Production, and the Producing Party identifies with particularity the material with respect to which it wishes to assert the attorney-client privilege, attorney work product protection, or any other privilege or protection. For any Document used in the Action (*e.g.*, marked at a deposition), the Party or party claiming such Improvident Production must make the notification required by this Section promptly upon learning that a production was an Improvident Production. Upon this notification, all Receiving Parties must immediately return all copies of the Improvident Production in question, and must certify in writing that such copies were immediately destroyed following receipt of such notification.

14. Within 60 days after the entry of a final judgment (or resolution of appeals or petitions for review taken), all Confidential Material, and all copies, notes, abstracts, summaries, excerpts or extras, including those in the possession of counsel for the Parties and in the possession of persons executing the Agreement (excluding excerpts incorporated into any privilege or work product materials of the Parties, and excepting such materials that have become a part of the record in the Action), must be destroyed, and a written and signed certification of

1. destruction must be given to each Producing Party.

15. Any Party may apply to the Court, on written notice, in accordance with the rules of the Court, for an order amending, modifying, or vacating this Protective Order or any provision of it.

16. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any person that any Confidential Material contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal Documents, Testimony, or Information; or

    b. Prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i. To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "CONFIDENTIAL" under the terms of the Protective Order; or

        ii. To seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Protective Order.

17. In entering into this Protective Order, each Party expressly preserves, and does not waive, any and all applicable potential objections to production of Documents or disclosure of Information, including, without limitation, under applicable data-protection or privacy laws, privilege protections, or work-product protections.

DATED: June 3, 2024                    Respectfully submitted,

**ROBARDS & STEARNS, PC**

By:/s/ *Andrew Stearns* (as authorized on 6/3/24)
Andrew Stearns
State Bar No. 164849
718 University Avenue. Suite 216
Los Gatos, California 95032
Telephone: 408-214-6432
Email: astearns@robardsstearns.com

*Attorneys for Plaintiff,* CONTOUR-SIERRA INC., aka CONTOUR-SIERRA AEBI TERRATRAC, LLC

DATED: June 3, 2024

**BELLAVIA BLATT, P.C.**

By: /s/ Stephen H. Blatt (as authorized on 6/3/24)
Steven H. Blatt
Federal Bar No. 6792
200 Old Country Road, Suite 400
Mineola, NY 11501
Telephone: (516) 873-3000
Email: sblatt@dealerlaw.com
*Attorneys for Plaintiff,* CONTOUR-SIERRA INC., aka CONTOUR-SIERRA AEBI TERRATRAC, LLC

DATED: June 3, 2024

**WILKE FLEURY LLP**

By: /s/ Jason G. Eldred
JASON G. ELDRED (SBN 327148)
jeldred@wilkefleury.com
621 Capitol Mall, Suite 900
Sacramento, California 95814
Telephone:   (916) 441-2430
Fascimile:   (916) 442-6664

DATED: June 3, 2024

**WUERSCH & GERING LLP**
GREGORY F. HAUSER (admitted *pro hac vice*)
gregory.hauser@wg-law.com
100 Wall St., 10th Floor
New York, NY 10005
Telephone:   (212) 509-5050
Facsimile:   (212) 509-9559

Attorneys for Defendant AEBI SCHMIDT INTERNATIONAL, AG

IT IS SO ORDERED.

Dated:   June 25, 2024

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of _____. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____