UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR-SIERRA INC., aka CONTOUR-SIERRA AEBI TERRA TRAC, LLC, | No.  2:22-cv-00414-JAM-JDP |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| AEBI SCHMIDT INTERNATIONAL, AG, | |
| Defendant. | |

Before the Court is Defendant AEBI Schmidt International, AG's motion for partial summary judgment.  ECF No. 75.  This matter is fully briefed and was originally set for hearing on January 27, 2026.  See ECF Nos. 80-87.  After the Court denied Defendant's attorneys' request to appear at the hearing by video conferencing, the parties filed a stipulation to have this matter decided without oral argument; the matter was then submitted pursuant to Local Rule 230(g).  ECF Nos. 90, 93-94.  For the reasons detailed below, Defendant's motion is granted in part and denied in part.

1

I.   OPINION

Plaintiff imports, distributes, and is a dealer of Defendant's machines, vehicles, and equipment, including tractors and farm equipment, in the Western United States.  See ECF Nos. 75-15, Defendant's Statement of Undisputed Facts and Supporting Evidence (D. SUF), and 82, Plaintiff's Response to D. SUF (collectively "St. of Facts") Nos. 2-3.  Central to the litigation in this case is a 2013 contract the parties entered into, which was terminated in 2019, then reinstated in 2021, with some modifications.  See, e.g., St. of Facts Nos. 21, 22, 25, 98; Defendant's Memorandum of Points and Authorities ("Mot.") at pg. 9; Plaintiff's Memorandum or Law and Authorities ("Opp'n) at pg. 3-4.

Plaintiff filed its complaint in March 2022, asserting four causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, a violation of section 22902(d) of the California Fair Practices of Equipment, Manufacturers, Distributors, Wholesalers, and Dealers Act ("CFPEA"), and a claim for attorneys' fees under section 22925 of the same act.  ECF No. 1 ("Compl.").  All four claims are challenged in Defendant's pending motion to the extent they are based on the right to sell "successor products," to acquire or use dealer networks to subvert the parties' 2013 contract, or include Canadian provinces in Plaintiff's exclusive territory. See ECF No. 75.  Defendant also moves for summary judgment on Counts Two through Four, including in part to the extent they are based on Defendant's alleged failure to bring a specific tractor model into emissions complaints.  Id.  The Court first addresses

Defendant's motion as to Counts Two, Three, and Four, before addressing Defendant's partial motion as to all counts, below.

    A.    Legal Standard

    Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).  A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "[t]he moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotations omitted); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (citing and quoting First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968)).

    B.    Count Two: Breach of the Implied Covenant of Good
          Faith and Fair Dealing

    Defendant avers summary judgment should be granted on Count Two because Plaintiff cannot show more than a contractual breach and there is no evidence of bad faith.  See Mot. at pg. 16-19. Plaintiff argues Defendant's 2019 termination of the parties' contract is evidence of bad faith, and that Defendant's failure

to supply a specific tractor, the TT281, as well as successor products, support the denial of summary judgment as to Count Two. See Opp'n at pg. 16-18.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is governed by California law. "Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1393 (1990) (internal quotations and other citations omitted). "A breach of the implied covenant . . . involves something beyond breach of the contractual duty itself and it has been held that bad faith implies unfair dealing rather than mistaken judgment." Id. at 1394 (quoting Congleton v. Nat'l Union Fire Ins. Co., 189 Cal.App.3d 51, 59 (1987) (internal quotations and citations omitted). As the California Supreme Court explained in Careau:

> [A plaintiff] must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement. . . . If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.

Id. at 1395; see also Martinez v. Infinity Ins. Co., 714 F.Supp. 2d 1057, 1063 (C.D. Cal. May 20, 2010) ("Plaintiff must establish that Defendant's actions both breached the contract and the

4

actions, taken in bad faith, frustrated the actual benefits of the contract.").

Although Plaintiff contends in its opposition to this motion Defendant's termination of the parties' contract as a basis for its implied covenant cause of action surviving summary judgment, Defendant is correct – Plaintiff did not plead this as part of its claim and the conduct underlying Count Two.  Moreover, Plaintiff does not direct the Court to any evidence of bad faith to support its two other theories of breach of the implied covenant.  Instead, Plaintiff cites Defendant's alleged failures to satisfy portions of the contract as evidence of "wrongful acts [] support[ing Plaintiff's] claim for breach of the implied duty of good faith and fair dealing []."  See Opp'n at pg. 17-18. Since "the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action," Careau, 222 Cal.App.3d at 1395, Defendant's motion for summary judgment on Count Two is granted.

      C.   Counts Three and Four: CFPEA Claims

Defendant moves for partial summary judgment on Counts Three and Four, arguing allegations of Defendant's emissions noncompliance and failure to supply a specific tractor (the TT 281) cannot constitute violations of the CFPEA as a matter of law since: (1) its actions were negligent; (2) "resulted from a lack of understanding" of emissions exemptions; (3) Plaintiff was not "targeted by or discriminated against"; and (4) there "was no intent to harm Plaintiff's business."  See Mot. at 21-24.

Defendant urges the Court to interpret some of CFPEA's statutory language in its favor, as a matter of first impression, by analogizing to other statutes and other state's "dealer law[s]." Id.; see also Reply at pg. 8-10.  Plaintiff argues there are issues of material fact preventing summary judgment, including directing the Court to evidence that tracks the statutory language of what constitutes violations of CFPEA.  See Opp'n at 19-21.  The Court finds that Plaintiff has demonstrated there are sufficient issues of material fact as to Counts Three and Four that require the Court to deny Defendant's summary judgment motion on these claims.  Accord Liberty Lobby, 477 U.S. at 249. The Court also notes there is a dearth of case law surrounding CFPEA, section 22902(d), and the Court declines Defendant's invitation to interpret the statute in its favor, resulting in judgment as a matter of law for the Defendant, without any direct or persuasive precedent.

    D.   Successor Products, Dealer Networks, and Canadian Territories

Defendant also moves for partial summary judgment on all four of Plaintiff's causes of action to the extent they are based on a number of theories, including an alleged right to sell successor products, allegations of Defendant acquiring and using the dealer network of other companies in order to cut Plaintiff out and avoid its contractual obligations, and alleged inclusion of Canadian provinces.  Mot. at pg. 10-15, 20-21.

With respect to Defendant's motion based on the right to sell successor products, Defendant argues the term in the parties' contract, "successor products," is unambiguous,

Defendant had no successor products, and therefore, Defendant is entitled to judgment as a matter of law.  Mot. at pg. 10-15 ("Plaintiff has first alleged that [Defendant] breached the 2013 [contract] by 'failing to give [Plaintiff] the opportunity to sell [Defendant's] Successor Products . . . .").  Defendant acknowledges the parties' contract states it "shall apply to successor products or further developments as well as other modifications, including their replacement parts," and that "successor" is undefined in the contract.  Id. at pg. 12 (citing DSUF Nos. 26, 27, 30).  Although Defendant asks the Court to apply the Black's Law Dictionary definition of "successor" to the contract, Plaintiff offers a competing definition, arguing it includes the "full range of products" from Defendant's subsidiary, including "those acquired as successor products," as supported by the evidence before the Court.  See id. and Opp'n at 14-16.

As explained by the Ninth Circuit, "[i]n contract cases, summary judgment is appropriate only if the contract or the contract provision in question is unambiguous.  A contract or a provision of a contract is ambiguous if it is reasonably susceptible of more than one construction or interpretation." Castaneda v. Dura-Vent Corp., 648 F.2d 612, 619 (9th Cir. 1981) (internal and other citations omitted).  Sometimes, extrinsic evidence may be considered to interpret a contract as a matter of law.  See Cachil Band of Wintun Indians of Colusa Indian Community v. California, 618 F.3d 1066, 1075-80 (9th Cir. 2010). However, "when there is a material conflict in extrinsic evidence supporting competing interpretations of ambiguous contract

language the court may not use the evidence to interpret the contract as a matter of law, but must instead render the evidence to the factfinder for evaluation of its credibility." Id. at 1077 (citing City of Hope Nat'l Med. Ctr. v. Genentech, Inc., 43 Cal.4th 375 (2008) ("Interpretation of a written instrument becomes solely a judicial function only when it is based on the words of the instrument alone, when there is no conflict in the extrinsic evidence, or a determination was made based on incompetent evidence.")).  Despite Defendant's arguments to the contrary, the Court finds Plaintiff has demonstrated the contract term at issue is ambiguous, and there is a material dispute regarding any extrinsic evidence supporting the definition of this term.  Accordingly, Defendant's motion for partial summary judgment as to "successor products" is denied.

Defendant's motion as to Plaintiff's allegations or theory that Defendant acquired and utilized a dealer network of other third-party companies to subvert its contractual obligations suffers the same fate.  Because Plaintiff has demonstrated there are genuine issues of material fact, Defendant's motion for partial summary judgment is also denied on this basis.

Lastly, Defendant moves for partial summary judgment "to the extent that Plaintiff seeks any relief in connection with any alleged Canadian territory under the 2013 [contract] (or otherwise) . . . ."  See Reply at pg. 7.  Although Plaintiff avers its claims are based on an implied contract, Defendant is correct that "Plaintiff has not actually pleaded any violation of rights which relates to this alleged exclusive [Canadian] territory . . . ."  See Opp'n at pg. 18-19, Reply at pg. 7.

Given the absence of these facts and this theory in Plaintiff's complaint, which Plaintiff elected not to amend at any point, Defendant's motion for summary judgment is granted on this basis.

## II.   ORDER

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, as follows:

1.   Summary judgment is granted as to Plaintiff's Second Cause of Action, for Breach of the Implied Covenant of Good Faith and Fair Dealing;

2.   Summary judgment is granted to the extent Plaintiff's claims are based on an alleged exclusive Canadian territory; and

3.   Summary judgment on all other claims and issues raised by Defendant is denied.

IT IS SO ORDERED.

Dated: February 19, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE